IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazelene E. Trexler and Terry A. Trexler, | C/A No. 3:09-02172-RBH-PJG |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. Michael R. Privette; Dr. Lari Stokes; Dr. Katy Carouthers; Equicare Veterinary Associates; Richland County Humane SPCA; Michelle Hart; Kelly Graham; Josh Gowans; Richland County Humane SPCA Board of Directors Members, both individually and as an entity; Wayne Brennessel, | |
| Defendants. | |

This action was originally filed by the plaintiffs, *pro se*, in a South Carolina Court of Common Pleas as C/A No.: 2009-CP-40-420. Certain defendants (Richland County Humane SPCA, Michelle Hart, Kelly Graham, Josh Gowans, Richland County Humane SPCA Board of Directors Members, both individually and as an entity, and Wayne Brennessel) thereafter removed this action to federal court on August 14, 2009. The non-removing co-defendants (Dr. Michael R. Privette, Dr. Lari Stokes, Dr. Katy Carouthers, and Equicare Veterinary Associates) consented to the removal of this case. After review of the pleadings, this court finds that this case should be remanded because this Court lacks subject matter jurisdiction.

## BACKGROUND

The plaintiffs' Complaint, filed June 30, 2009 with the Richland County Court of Common Pleas, raises fourteen causes of action. Those causes of action are: (1) replevin; (2) conversion; (3) defamation per se, defamation and slander; (4) malicious

prosecution; (5) abuse of process; (6) intentional infliction of emotional distress; (7) negligence; (8) civil conspiracy; (9) negligent failure to refer or consult; (10) breach of duty of attention and care; (11) abandonment; (12) intentional infliction of economic hardship; (13) abandonment and willful and negligent supervision; and (14) intentional, willful and negligent abuse of livestock. The defendants' Notice of Removal asserts that the plaintiffs' claims are removable pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 because the plaintiffs currently have a case[1] pending in this court filed pursuant to 28 U.S.C. § 1331. Additionally, the defendants have filed a motion to consolidate this case with the plaintiffs' pending case in this court.

**DISCUSSION**

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. See 28 U.S.C. § 1441. It is well settled that a Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. See 28 U.S.C. § 1446; Heniford v. American Motors Sales Corporation, 471 F. Supp. 328, 337 (D.S.C. 1979). For any defect other than lack subject matter jurisdiction, a plaintiff must file a motion to remand within thirty days after the Notice of Removal is filed. See 28 U.S.C. § 1447(c). If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal. See In Re Shell Oil Co., 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991).

---

[1] Trexler v. Giese et al., C/A No. 0:09-00144-RBH-PJG

PJG

Even so, applicable case law and statutory law, including 28 U.S.C. § 1447(c), provide that subject matter jurisdiction cannot be conferred by estoppel, waiver, or consent. See Buchner v. Federal Deposit Ins. Corp., 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); Page v. Wright, 116 F.2d 449, 451-455 (7th Cir. 1940). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court still must remand the case to state court if it does not have subject matter jurisdiction.

Generally, subject matter jurisdiction exists and a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990). The burden is on the party removing the state court action to establish subject matter jurisdiction in this Court. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); see also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The defendants in this removal action have failed to meet that burden.

Removal is appropriate when the well pleaded state court complaint alleges either federal question or diversity jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); King v. Marriott Int'l, Inc., 337 F.3d 421, 424 (4th Cir. 2003). However, the



Court may look past "artful pleading" where federal law is not raised on the face of the complaint, to see if the case nonetheless arises under federal law. See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2 (1981).

The complaint originally filed by the plaintiffs in the Court of Common Pleas for Richland County fails to arise under federal law. The defendants claim jurisdiction over this action through supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and claim that supplemental jurisdiction is appropriate because the state court action arises out of the same events and occurrences and is so related to the claims of the plaintiffs' pending federal action that they form part of the same case or controversy. However, supplemental jurisdiction under 28 U.S.C. § 1367 is not an independent basis for the removal of an action filed in state court that does not contain federal claims. See Briddelle v. T & J Foods, Inc., 18 F. Supp. 2d 611 (D. Md. 1998). Supplemental jurisdiction is exercised over state law claims "that are so related to claims in *the action within such original jurisdiction* that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). For a court to exercise supplemental jurisdiction over state law claims, the claims within the original jurisdiction of the court must exist in the same action as those state law claims. The defendants are attempting to append state law claims from a separate state court action to an already pending federal case in order to create subject matter jurisdiction for removal, a scenario not contemplated by 28 U.S.C. §§ 1367 and 1441.

The defendants do not allege federal question or diversity jurisdiction as a basis for subject matter jurisdiction. The plaintiffs' state court pleading raises fourteen causes of action sounding in state law, but not in federal law. As the court lacks subject matter



jurisdiction in this action, the case should be **remanded** to the South Carolina Court of Common Pleas for Richland County for disposition.

## RECOMMENDATION

For the foregoing reasons, the court recommends that this matter be remanded to the Court of Common Pleas for Richland County and that the defendants' motion to consolidate (Docket Entry 5) be denied. It is further recommended that the defendants' motion to expedite (Docket Entry 15) be terminated as moot. The Clerk of Court shall <u>not</u> immediately return the file to the Court of Common Pleas for Richland County. If the parties in this case fail to file written objections to this Report and Recommendation within ten (10) days after this document is filed, or, if any party files written objections to this Report and Recommendation within ten (10) days after this document is filed, the Clerk of Court, at the end of the ten-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 25, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).